■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DOZIER, Appellant. [857 NYS2d 524]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 21, 2006, convicting defendant, after a jury trial, of three counts of criminal contempt in the first degree, three counts of criminal contempt in the second degree, and two counts of aggravated harassment in the second degree, and sentencing him to an aggregate term of 1⅓ to 4 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence supporting his conviction of first-degree criminal contempt under Penal Law § 215.51 (b) (iii) is without merit. In violation of orders of protection, defendant continued to leave threatening messages for officials of the college where he had been a student. Each victim testified to his subjective fear, and such fear was objectively reasonable, given the explicit death threats contained in the messages (*compare People v Demisse*, 24 AD3d 118, 119 [2005], *lv denied* 6 NY3d 833 [2006]).

The court properly admitted, with suitable limiting instructions, a threatening message from defendant to another college official that did not form the basis of any of the charges, but which was close in time to the charged crimes. This evidence was relevant to establish defendant's overall intent to terrorize officials of the college, and it was not unduly prejudicial.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). After the prosecution explained its reasons for the challenge at issue, defense counsel remained silent and simply moved on to his own peremptory challenges. Therefore, despite ample opportunity to do so, defendant failed to preserve his current claim for appellate review (*People v Allen*, 86 NY2d 101, 111 [1995]), and we decline to

review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record establishes that the nondiscriminatory reasons provided by the prosecutor for the challenge in question were not pretextual. Concur—Saxe J.P., Nardelli, Buckley and Catterson, JJ.